## Hysock v. Palermo, etc.

*W. J. Krencewicz*, for plaintiff.

*P. H. Burke* and *F. J. O'Toole*, for respondent.

CURRAN, J., September 16, 1946.—Plaintiff filed a bill in equity and secured a preliminary injunction restraining certain actions on the part of respondent. The basis of the bill is contained in the first 10 paragraphs of the bill, which are as follows:

"1. That the said John Hysock is a single man residing at 1 Main Street, Shaft, West Mahanoy Township, Schuylkill County, Pa.

"2. That defendant, Frank M. Palermo, is an individual residing in the Borough of Shenandoah, Schuylkill County, Pa.

"3. That said defendant, Frank M. Palermo, is the owner of, and conducts a garage and sales agency for,

Chevrolet automobiles located at 34 West Oak Street in the Borough of Shenandoah, Schuylkill County, Pa., under the trade name of Altamont Chevrolet.

"4. That on the December 22, 1945, said plaintiff, John Hysock, entered into an agreement with the Altamont Chevrolet for the purchase of a 1946 Chevrolet automobile described as a model Fleetline and body type Aerosedan.

"5. Said agreement for the purchase of an automobile was an oral agreement, having been made with the following provisions:

"(a) The payment of $50 as a deposit and the balance to be paid at the time of delivery.

"(b) That the selling price of said car being dependent upon O. P. A. regulations and said price to be the selling price as fixed by the O. P. A. or any other governmental agency as the ceiling price.

"(c) That John Hysock's name, plaintiff herein, will be placed second upon the list for delivery of an Aerosedan type Chevrolet automobile, and that when a delivery of two such cars was effected, that the second car received was to become the property of plaintiff herein, John Hysock, and delivery would be made upon payment of the balance of the purchase price.

"6. That one 1946 Chevrolet automobile, Fleetline model, Aerosedan body type, was delivered to the Altamount Chevrolet during the latter part of July or the fore part of August.

"7. That a second 1946 Chevrolet automobile, Fleetline model, Aerosedan body type, was delivered to the Altamont Chevrolet on August 17, 1946.

"8. That on August 20, 1946, plaintiff, John Hysock, called at the office of the Altamont Chevrolet in Shenandoah and was informed by Frank M. Palermo, defendant, that the 1946 Chevrolet automobile, Fleetline model, Aerosedan body type, had arrived and that the same was his and that then and there it was on the

premises of the Altamont Chevrolet sales room and garage.

"9. That on August 21, 1946, the following day, and again on August 22, 1946, plaintiff, John Hysock, tendered unto Frank M. Palermo, defendant, the balance of the amount due in accordance with the price as stated by Frank M. Palermo, defendant, to wit, $1,205, with the total selling price being $1,255, $50 being previously paid on account.

"10. That delivery was refused even though tender of the balance of the purchase price was made as stated, and plaintiff was and is now ready to comply with each and all of his undertakings of the agreement aforesaid."

Respondent has filed an answer under the Act of June 7, 1907, P. L. 440, raising the question of the jurisdiction of the court upon the ground that plaintiff has a full, complete and adequate remedy at law.

Respondent could have raised the same objection by filing preliminary objections under Equity Rule 48. We are satisfied, however, that the question was properly raised under the provisions of the Act of 1907, supra.

An examination of the facts set forth in plaintiff's bill clearly demonstrates that plaintiff has indeed a full, complete and adequate remedy at law by an action for breach of contract. The subject matter of the contract, to wit, a 1946 Chevrolet sedan, is not such an article as would warrant the intervention of equity to secure specific performance. If there has been a breach of the contract and respondent has suffered damage by reason of his inability to have the use of the car, which is the subject matter of the bill, it can clearly be shown as an item of damage in an assumpsit action.

## Decree

And now, to wit, September 16, 1946, respondent's answer and objection are sustained and the cause is

certified to the law side of this court. The preliminary injunction is dissolved; costs to be paid by plaintiff.